IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OBADIAH SAVOY DILLARD,

    Plaintiff,

v.                                          CASE NO. 1:19-cv-130-MW-GRJ

UNITED STATES MILITARY,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the custody of the Alachua County Jail, initiated this case by filing a handwritten letter purporting to bring a claim for the death of his father against the United States Military for using Agent Orange during the Vietnam War. ECF No. 1. Having found the handwritten letter insufficient to proceed with his case, the Court ordered Plaintiff to complete a prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. ECF No. 3.

Thereafter, Plaintiff filed a First Amended Complaint naming as Defendants the United States Department of Defense as well as eight individual chemical manufacturing companies. ECF No. 4 at 2. Plaintiff alleges the defendants conspired and failed to warn U.S. soldiers of the dangers of Agent Orange, which caused the deaths of his mother and

1

father and caused Plaintiff to be physically handicapped since birth. Plaintiff also filed a motion for leave to proceed as a pauper. ECF No. 5.

This case is due to be dismissed because Plaintiff has failed to disclose and truthfully describe previous lawsuits and because he is barred from proceeding as a pauper pursuant to the three-strikes bar under 28 U.S.C. § 1915(g).

A cursory initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A reveals that Plaintiff executed the civil rights complaint form under penalty of perjury. ECF No. 4 at 8. The Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. *Id.* at 3-4. Prisoners are required to disclose whether they have initiated actions in state or federal court "with the same or similar facts/issues involved in this action," or "that relate to the fact or manner of [their] incarceration (including habeas corpus petitions) or the conditions of [their] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]" *Id.* Further, prisoners must identify any federal court actions that were dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*

In response, Plaintiff indicated he had not filed any prior lawsuits in federal court dealing with the same or similar facts/issues involved in this action; had not filed any prior actions in state or federal court relating to the fact or manner of his incarceration or the conditions of his confinement; and did not have any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service. ECF No. 4 at 3-4.

However, a search of the PACER database reveals that Plaintiff has had three prior lawsuits dismissed as malicious or for failure to state a claim upon which relief may be granted. *Dillard v. Goodman*, Case No. 1:11-cv-21-SPM-GRJ (N.D. Fla. Jan. 4. 2012) (dismissing without prejudice for failure to state a claim upon which relief may be granted); *Dillard v. Dep't of Corr.*, Case No. 5:12-cv-184-RS-EMT (N.D. Fla. June 27, 2012) (dismissing without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious); *See Dillard v. Dep't of Corr.*, Case No. 3:12-cv-286-MCR-EMT

(N.D. Fla. Jul. 26, 2012) (dismissing without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious).[1]

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake Cty. Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Eleventh Circuit held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . .

---

[1] These lawsuits were filed by an individual named Obadiah Savoy Dillard using the Florida Department of Corrections (FDOC) inmate number I00275. A search of the FDOC web site reveals that the inmate was released from FDOC custody on June 4, 2018. The Plaintiff in this case, also named Obadiah Savoy Dillard, is presently confined in the Alachua County Jail with the inmate number DOJ02MNI048540. Although it is not possible to confirm that Plaintiff is the same Obadiah Savoy Dillard who filed the previous lawsuits by comparing inmate numbers, the Court nevertheless recommends dismissal. If the Plaintiff in this case is not the same individual, he may so demonstrate in his objection to this Report and Recommendation.

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

. ." *Id*. The Eleventh Circuit determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at \*4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at \*2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form

5

could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it."). Plaintiff's failure to disclose his prior lawsuits warrants dismissal.

In addition to dismissal for abuse of the judicial process, Plaintiff is subject to the three-strikes bar because, as previously mentioned, he has had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is therefore barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must make "specific fact

allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.* Vague allegations of harm and unspecific references to injury are insufficient. *White v. Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff does not specifically allege he is under imminent danger of serious physical injury, and the facts asserted in his Complaint do not support such a finding. A prisoner who is no longer entitled to proceed as a pauper must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Plaintiff did not pay the filing fee at the time he initiated this suit. This case is therefore due to be dismissed.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE** for abuse of the judicial process and pursuant to the three-strikes bar under 28 U.S.C § 1915(g).

**IN CHAMBERS** this 25th day of September 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**